GOLDSMITH v. RABINOWITZ.

(Supreme Court, Appellate Term. May 27, 1909.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.

An oral complaint, "Breach of contract and partnership agreement," which asks for no partnership accounting, sets up a claim for damages for breach of contract, within the jurisdiction of the Municipal Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Goldsmith against Abe Rabinowitz. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Emanuel Klein, for appellant.
Samuel Manheimer, for respondent.

DAYTON, J. The bill of particulars states an agreement of partnership, the purchase of certain articles, time spent, and defendant's refusal to enter into partnership relations. On the trial the partnership agreement was received in evidence, and the court thereupon gave judgment for the defendant, "without prejudice to a new action in the proper court."

It would seem that by a liberal construction of the oral complaint, "Breach of contract and partnership agreement," plaintiff might have proved a claim for damages for the breach. No partnership accounting was ever asked or involved. Only one question was put to the plaintiff as to what he did after the agreement was signed, and that was not answered.

The judgment should be reversed, and a new trial ordered with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes